UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Sheida Hukman,

    Plaintiff

v.

Ed's Stations, Inc.,

    Defendant

Case No.: 2:24-cv-01738-JAD-EJY

**Order Denying Defendant's Motion for Attorney's Fees and Plaintiff's Motions for Clarification and Reconsideration**

[ECF Nos. 24, 32, 32-1]

Soon after I dismissed Sheida Hukman's employment-discrimination suit against Ed's Stations, Inc. with prejudice, Ed's Stations moved for attorney's fees.[1] It argues that Hukman should be ordered to pay $20,757.50 plus interest because her suit was "meritless from the outset."[2] Hukman opposes that motion and asks this court to reconsider its dismissal of her suit under Federal Rule of Civil Procedure 59(e).[3] She also moves for "clarification" concerning a minute order that extended the deadline for her to respond to Ed's Stations' motion for attorney's fees.[4] Because Ed's Stations hasn't established the exceptional circumstances required to justify ordering a pro se civil-rights plaintiff to pay attorney's fees, its motion is denied. And because Hukman missed Rule 59(e)'s non-extendable 28-day deadline, her motion for reconsideration and accompanying motion for clarification are also denied.

---

[1] ECF No. 24.

[2] *Id.* at 5.

[3] ECF Nos. 30, 32-1.

[4] ECF No. 32.

### A. Ed's Stations' motion for attorney's fees is denied.

Ed's Stations moves for an award of attorney's fees under Federal Rule of Civil Procedure (FRCP) 54, arguing that Hukman's choice to pursue this suit despite failing to timely exhaust her available administrative remedies justifies such an award under Title VII.[5] Hukman insists that awarding attorney's fees to Ed's Stations would be improper because she brought her claim in good faith.[6] But while bad faith certainly helps justify awarding fees, it isn't required.[7]

Courts have discretion to award reasonable attorney's fees to prevailing parties in Title VII cases.[8] But a defendant can "recover fees and costs from a plaintiff in a civil rights case only 'in exceptional circumstances' in which the plaintiff's claims are 'frivolous, unreasonable[,] or without foundation.'"[9] This standard is a strict one due to "the need to avoid undercutting Congress' policy of promoting vigorous prosecution of civil rights violations under Title VII and § 1983."[10] And it "is applied with particular strictness in cases where the plaintiff proceeds pro se."[11]

*Miller v. Los Angeles County Board of Education* is instructive. In that case, the Ninth Circuit reviewed a district court's decision to award a defendant attorney's fees because the pro se plaintiff "knew or should have known that his case was without foundation."[12] The panel

---

[5] ECF No. 24.

[6] ECF No. 30 at 14.

[7] *See Christianburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 419, 422 (1978).

[8] 42 U.S.C. § 2000e-5(k).

[9] *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 968 (9th Cir. 2011).

[10] *Miller v. L.A. Cnty. Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987).

[11] *Id.* at 620.

[12] *Id.* at 619.

found that a lower court had erred by failing to consider the plaintiff's pro se status in its decision to award attorney's fees.[13] It reasoned that pro se plaintiffs "cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim."[14] But it also noted that awarding fees would be "entirely appropriate" if a pro se plaintiff repeatedly attempted to bring a claim that was "previously found to be frivolous."[15]

The exceptional circumstances necessary to justify shifting Ed's Stations' attorney-fees bill to Hukman, a pro se plaintiff, are not present. Ed's Stations tries to diminish Hukman's pro se status by asserting that she's litigious enough to be familiar with the requirements to bring a successful employment-discrimination suit.[16] But applying the particularly strict standard for pro se plaintiffs, Hukman did not necessarily understand that her claims against Ed's Stations were time-barred by an EEOC filing deadline and a Nevada statute of limitations. Having some past litigation experience does not mean that Hukman had the same ability to understand these requirements as a counseled plaintiff. So I deny Ed's Stations' motion for attorney's fees.

**B.  Hukman's motions for reconsideration and clarification also fail.**

Hukman moves for reconsideration under FRCP 59(e) and submits 400 pages of exhibits, ostensibly to support that motion.[17] She also submits a "motion for clarification," in which she argues that I should entertain her motion for reconsideration even though it was filed after the

---

[13] *Id.* at 620.
[14] *Id.*
[15] *Id.*
[16] ECF No. 24 at 5–6.
[17] ECF Nos. 32-1, 33.

January 30, 2025, deadline for her to respond to the motion for attorney's fees.[18]  Ed's Stations responds that her motions fail for myriad reasons, not least of which is that Hukman filed them almost a month after the extended deadline set by this court had already passed.[19]  Both parties' focus on the January 30, 2025, deadline set by a minute order is misguided.  That minute order instructed Hukman to file her response to Ed's Stations' motion for attorney's fees by that date;[20] it had nothing to do with a motion for reconsideration.

But Hukman moves for reconsideration under Rule 59(e), and motions brought under that rule must be filed no more than 28 days after judgment is entered.[21]  I dismissed Hukman's suit on December 2, 2024, and Hukman didn't file her motion for reconsideration until February 23, 2025—well after the rule's 28-day limitation had passed.  FRCP 6(b)(2) lists Rule 59(e) as one of the rules under which courts "must not extend the time to act."[22]  As the United States Supreme Court has stated, there is "no possibility of an extension."[23]  So applying this immutable deadline, I deny Hukman's motion for reconsideration and the accompanying motion for clarification.

---

[18] ECF No. 32.

[19] ECF No. 34.

[20] *See* ECF No. 28.

[21] Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

[22] Fed. R. Civ. P. 6(b)(2).

[23] *Banister v. Davis*, 590 U.S. 504, 507–08 (2020).

**Conclusion**

IT IS THEREFORE ORDERED that defendant Ed's Stations' motion for attorney's fees **[ECF No. 24] is DENIED**.

IT IS FURTHER ORDERED that plaintiff Sheida Hukman's motions for clarification and reconsideration **[ECF Nos. 32, 32-1] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
May 14, 2025

5